UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DEREK MORTLAND**, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:24-cv-678 |
| v. | ) |
| | ) |
| **H.Holdings LLC**, an Ohio limited liability company, | ) Judge: |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, DEREK MORTLAND, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant **H.HOLDINGS LLC** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Derek Mortland, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as

      Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*.  The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Derek Mortland ("Plaintiff" or "Mr. Mortland") is a Franklin County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant H.Holdings LLC owns and/or operates a hotel located at 1409 S. Reynolds Rd., Maumee, OH 43537 known as Hampton Inn- South/Maumee in Lucas County.

6. The hotel owned and operated by the Defendant underwent extensive renovation and alteration by the Defendant (or its predecessor) in the years 2000, 2016 and 2017. Among the alterations included Defendant constructed and added a new lobby and a swimming pool to the property in 2010.  In 2016 and 2017 the Defendant made structural alterations to the primary function areas of the hotel.  The renovations and addition are non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA to all new construction and all altered public accommodation areas is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. The facility owned or operated by the Defendant H.Holdings LLC is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8. Mr. Morland is an individual diagnosed with spinal paralysis and permanently uses a wheelchair for mobility. As such, Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Mr. Mortland is employed as an ADA speaker, consultant, expert and ADA coordinator, with one aspect of his expertise focusing on inspection of places of public accommodation for ADA compliance and in that capacity has consulted for the State of Ohio and private clients in throughout Ohio. He travels to Northwest Ohio many times annually for business.

10. On December 7-8, 2023, Plaintiff was an overnight lodging guest at the Defendant's hotel as bona fide guest while on business in the immediate Maumee area. He plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

11. Completely independent of the personal desire to have access to this place of public

accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the

ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the Hampton Inn- South/Maumee hotel, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes & Parking

A. The passenger loading zone lacks a marked access aisle, in violation of the ADA and Section 503 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

B. Some access aisles do not extend the full length of the accessible parking space they serve due to a ramp which protrudes into the designated accessible parking access aisles, in violation of the ADA and section 502.3.2 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

C. There are changes in level on the accessible route from the designated accessible parking to the entrance in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.3.8, whose remedy is strictly required or, at minimum, readily

5

achievable.

D. Some sidewalks/walking surfaces on accessible routes between parking and hotel entrances have excess slope, in violation of the ADA whose remedy is strictly required or is at minimum readily achievable.

E. Interior ramped hallways have excess slope and lack compliant handrails on both sides of the ramp, in violation of the ADA and section 505.1 of the 2010 Standards and 1991 ADAAG section 4.8.5 whose remedy is strictly required or, at minimum, readily achievable.

**Access to Goods and Services**

F. Some self-service amenities in the breakfast area are above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

G. There is no accessible seating in the breakfast area due to tables without required clear floor space underneath, in violation of the ADA and Sections 226.1 and 902.2.2 of the 2010 Standards and 1991 ADAAG Sections 5.1 and 4.32.2, whose remedy is strictly required or, at minimum, readily achievable.

**Fitness Room**

H. There is not at least 36 inches of maneuvering clearance between fitness equipment, in violation of the ADA and section 403.5.1 of the 2010 Standards and 1991 ADAAG Section 4.3.3, whose remedy is strictly required or, at minimum, readily achievable.

I. The clear floor space to approach the phone and water dispenser in the fitness room is

obstructed, in violation of the ADA and section 305.3 of the 2010 Standards and 1991 ADAAG Section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

J. Towels and hooks in the fitness room are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

**Lobby Restrooms**

K. The rear grab bars around the water closet in the men's restroom is missing and side grab bar is non-compliant, in violation of the ADA and Section 604.5 of the 2010 Standards and 1991 ADAAG Section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

L. The men's restroom flush control is not located on the open side of the water closet, in violation of the ADA and section 604.6 of the 2010 Standards and 1991 ADAAG Section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

M. The water and drainpipes under the lavatory are not adequately insulated in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is readily achievable.

N. In the men's public restroom, the soap dispenser is mounted too high and out of the maximum reach range of 48" to its operable parts above the finished floor, in violation of the ADA section 308.3.1 of the 2010 Standards, whose remedy is readily achievable.

O. In the men's restroom, the mirror is mounted in excess of 40 inches above the finish floor to the reflective surface, in violation of section 603.3 of the 2010 Standards whose

remedy is strictly required or at minimum is readily achievable.

P. In the men's restroom, the toilet is out of compliance as the center line is further than the 16" minimum – 18" maximum distance measured from the side wall, in violation of the ADA section 604.2 of the 2010 Standards and section 4.17.3 of the 1991 ADAAG, whose remedy is strictly required or at minimum is readily achievable.

Q. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

**Fitness Area Restrooms**

R. Restroom signage lacks the international symbol of accessibility, in violation of the ADA and section 704.3.2 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required or, at minimum, readily achievable.

S. There are no side or rear grab bars around the water closet in the men's restroom, in violation of the ADA and Section 604.5 of the 2010 Standards and 1991 ADAAG Section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

T. The men's restroom flush control is not located on the open side of the water closet, in violation of the ADA and section 604.6 of the 2010 Standards and 1991 ADAAG Section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

U. Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

**Mobility Accessible Guestroom #115**

V. Signage for the guestroom does not contain the international symbol of accessibility identifying it as a guestroom equipped with mobility features, in violation of the ADA and section 704.3.2 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required or, at minimum, readily achievable.

W. The room door lacks compliant maneuvering clearance at the latch side to exit, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, is readily achievable.

X. The curtain adjuster is located above allowable reach range and requires tight grasping or twisting to operate, in violation of the ADA and Section 308.2.1 and 309.4 of the 2010 Standards and Section 4.2.5 and 4.13.9 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

Y. The bed lacks required maneuvering clearance around in, in violation of the ADA and Section 806.2.3 of the 2010 Standards and Section 9.2.2 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Z. The temperature controls do not have required clear floor space to approach due to the presence of furniture, in violation of the ADA and section 305.3 of the 2010 Standards and 4.2.4.1 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

AA. Amenities including the closet rod, shelf, iron, door lock, and ironing board are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

BB. The lavatory pipes in the restroom are not insulated to protect against scalding or

contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4 whose remedy is strictly required or, at minimum, readily achievable.

CC. A towel shelf impedes use of the grab bars around the water closet, in violation of the ADA and section 609.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

DD. Grab bars inside the roll-in shower compartment are non-compliant, in violation of the ADA and Section 608.2.2 of the 2010 Standards and Section 4.20.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

EE. The shower sprayer is not located on the back wall and within 27 inches of the shower seat wall and is also installed above allowable reach range, in violation of the ADA and Sections 608.5.2 and 308.2.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

FF. The shower sprayer hose does not meet required length and does not have a non-positive on/off control, in violation of the ADA and Sections 607.6 and 308.2.1 of the 2010 Standards and Section 4.21.6 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

GG. A soap shelf is located less than 12 inches above the shower grab bar, impairing its use, in violation of the ADA and section 609.3 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

HH. Shower amenities including shampoo and shower gel are located above allowable reach range in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, is

readily achievable.

Mobility Accessible Guestrooms Generally

II. Upon information and belief, Derek Mortland believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel (not just room 115). Including the other roll-in shower fitted mobility accessible guestrooms and bathtub fitted mobility accessible guestrooms.

Type and Number of Designated Accessible Guestrooms

JJ. Upon information and belief, the Hampton has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 126 guestrooms such as this Hampton, there must be a minimum of 5 mobility accessible guestrooms without a roll-in shower and a minimum of 2 mobility accessible guestrooms with a roll-in shower, totaling 7 designated mobility accessible guestrooms. There is also a requirement of 12 total rooms with accessible communication features. This is in violation of the ADA whose remedy is strictly required or, at minimum, is readily achievable.

Policies and Procedures

KK. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

LL. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Derek Mortland.

MM. The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans of this 4-story hotel for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Derek Mortland, struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

16. The discriminatory violations described in Paragraph 15 by Defendant H.Holdings LLC are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and operated by H.Holdings LLC, constitutes a public

accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW**
**O.R.C. §4112.01 *et seq*.**

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. The Defendant, H.Holdings LLC owns or operates a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

24. Defendant has committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant's property is replete with barriers to handicap access that discourage, dissuade and impair usage of the hotel's amenities and ability to navigate the property. Defendant's unlawful acts also impair the Plaintiff's ability to perform the important basic function of bathing in his own transient lodging guestroom. Mr. Mortgland has personally experienced all the numerous barriers noted herein and have greatly impacted his personal access and enjoyment of the hotel. This is in spite of multiple renovations to this property by this Defendant.

25. The Defendant's acts are willful, severe and ongoing.

26. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to come into full compliance with the implementing regulations of the ADA as is required for this property unless it would be

structurally impracticable or at minimum to make such readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
dunnlawoffice@sbcglobal.net